UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| PERRY ALLISON HOOD,<br><br>　　　　　　　　　　Petitioner,<br>　v.<br>FERNANDEIS FRAZIER, *et al.*,<br>　　　　　　　　　　Respondents. | Case No. 3:22-cv-00486-ART-CSD<br><br>**Order Granting Motion to Stay, Denying Motion for Discovery, and Administratively Closing Case**<br><br>(ECF Nos. 31, 17) |

Petitioner Perry Allison Hood, through counsel the Federal Public Defender, has filed a motion for stay and abeyance of this 28 U.S.C. § 2254 habeas corpus matter. (ECF No. 31.) Respondents do not oppose. (*Id.* at 3.) Good cause appearing, the Court grants the motion.

In *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court placed limitations upon the discretion of the court to facilitate habeas petitioners' return to state court to exhaust claims. First, "stay and abeyance should be available only in limited circumstances." *Rhines*, 544 U.S. at 277. And the relief is "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. *Id.* Moreover,"it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 278.

The Ninth Circuit has held that the application of an "extraordinary circumstances" standard does not comport with the "good cause" standard prescribed by *Rhines*. *See Jackson v. Roe*, 425 F.3d 654, 661-62 (9th Cir. 2005). The court may stay a petition containing both exhausted and unexhausted claims if: (1) the habeas petitioner has good cause; (2) the unexhausted claims are potentially meritorious; and (3) petitioner has not engaged in dilatory litigation tactics. *See Rhines*, 544 U.S. at 278; *see also Wooten v. Kirkland*, 540 F.3d 1019,

1

1023-24 (9th Cir. 2008).

Here, Hood explains that his previous § 2254 habeas petition was dismissed as untimely. *Hood v. Frazier*, 2:22-cv-00117-CDS-VCF (*Hood I*). In dismissing the petition, the court noted that Hood did not argue that he was actually innocent. (*Id.* at ECF No. 9.) Hood has filed a motion for relief from judgment pursuant to Rule 60(b)(6) in the first case. (*Id.* at ECF No. 12.) He argues in that motion that the petition should not have been dismissed as untimely because he can show he is actually innocent based on newly presented evidence. He therefore seeks a stay in this case and suspension of the briefing schedule pending the resolution of his Rule 60(b)(6) motion and any further proceedings in that case. (ECF No. 31.) Hood contacted counsel for Respondents, who indicated that she does not oppose a stay. (*Id.* at 3.) Accordingly, in the interests of justice and judicial economy, the Court grants the motion for a stay and abeyance. The briefing schedule in this case will be suspended, and Hood's motion for discovery (ECF No. 17) will be denied as moot.

It is therefore ordered that Petitioner's motion for a stay and abeyance **(ECF No. 31) is granted**.

It is further ordered that this action is stayed pending final resolution of Petitioner's earlier-filed federal petition.

It is further ordered that the grant of a stay is conditioned upon Petitioner returning to federal court with a motion to reopen the case within 45 days of the resolution of the first federal petition, whether he returns to ask the Court to voluntarily dismiss this Petition or to re-open this case and set a further briefing schedule.

It is further ordered that Petitioner's motion for discovery **(ECF No. 17) is denied** without prejudice as moot.

It is further ordered that the Clerk of Court administratively close this action, until such time as the Court grants a motion to reopen the matter.

DATED THIS 31st day of January 2024.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE